SHROUDENBECK and another vs. THE PHŒNIX FIRE INSURANCE COMPANY.

An action in a justice's court against a corporation was commenced by the service of a summons upon its local agent. An attorney at law appeared at the trial and made defense, and the agent filed a notice of appeal from the judgment,

with an affidavit stating that he was such agent and was authorized by the company to file the notice. No objection was taken before the justice to the authority of such agent or attorney. *Held*, that it was error for the circuit court to dismiss the appeal on the ground that they had not shown their authority.

Where an agent or attorney appears for a corporation in court, and prosecutes or defends an action for or against the corporation, it is presumed to be done on sufficient authority, and the production of a written warrant of attorney for that purpose is not necessary.

A party may appeal from a judgment against him by default before a justice of the peace.

APPEAL from the Circuit Court for *Racine* County.

This was an action to recover an amount claimed to be due the plaintiffs from the defendant on an insurance policy, and was commenced before a justice of the peace in Racine county, by the service of a summons upon one Wright, agent of the *Insurance Company* in the city of Racine. The cause was tried and judgment rendered by the justice in favor of the plaintiffs, November 12th, 1861, for $100 and costs. On the 25th of the same month, a notice of appeal to the circuit court from said judgment, signed "*Phœnix Fire Insurance Company* of Hartford, Conn., by Geo. S. Wright, agent for said company at Racine," was filed with the justice. Attached to this notice was an affidavit by Wright, stating, among other things, that he was the agent of the defendant at Racine, and was authorized by it to make and present said notice of appeal; that the appeal was made in good faith and not for purposes of delay; and that, as deponent believed, the defendant had a valid defense, &c. On the 1st of February, 1862, a certified transcript of the proceedings in the action before the justice, and of the judgment, with all the papers, was filed in the office of the clerk of the circuit court, which transcript showed, among other things, that the plaintiffs appeared at the trial; that an attorney appeared in behalf of the defendant, and filed an answer·in writing (not signed) to the complaint; and that no objection or demand of his authority to thus appear, was made. The plaintiffs moved the circuit court to quash the appeal, for the reasons, 1. That there was no appearance by the defendant, to give him the right of appealing. 2. That

*June Term, 1862.*

SCHROUDEN-BECK et al.
v.
PHŒNIX FIRE INS. CO.

June Term,
1862.

SCHROUDEN-
BECK et al.
v.
PHŒNIX FIRE
INS. CO.

there was not sufficient notice of the appeal, signed by any person authorized to appear in the action and give such notice. 3. That there was no sufficient affidavit made in the action by any person authorized to make such affidavit. The court decided that the appeal was defective for the reasons stated in the motion, and made an order dismissing it; from which the defendant appealed.

*C. E. Dyer*, for appellant, as to the sufficiency of the defendant's appearance at the trial before the justice, cited 2 Kent's Com., 349–53 [290–92]; A. &. A. on Corp., 310–15; 7 Cranch, 299; 1 Salk., 192; 9 Paige, 500; 9 Wheat., 838; 13 Wend., 85. As to the sufficiency of the notice of appeal and affidavit filed with the justice by the agent Wright, he cited sec. 205, chap. 120, R. S. He also contended that sec. 43 of the same chapter, which provides that a corporation "shall appear and defend by attorney" &c., applies only to a general appearance in the cause, and to actual defense at the trial.

*Paine & Millet*, for respondents. [No argument on file.]

October 25.  *By the Court*, COLE, J.  We think the appeal in this case was improperly dismissed.  The company appeared by its attorney before the justice, put in an answer and went to trial, thus submitting itself to the jurisdiction of the court. On being defeated in that court, the agent Wright, on behalf of the company, gave notice of an appeal and made the affidavit required by the statute.  We cannot see why the appeal was not regular.  Of course a corporation could only appeal by its agent. It is said it does not appear that the agent was authorized by the company to take this appeal, or to appear for it in the cause. When an agent or attorney appears for a corporation in court and prosecutes or defends a suit for or against such corporation, it is presumed to be done on sufficient authority.  We do not understand that it is the practice, or that it is necessary, to produce the evidence of this authority—the written letter of attorney—in court, showing that the agent or attorney was authorized to appear for the corporation.  Such authority is presumed from the fact of appearance.  Besides, this court has held that a par-

ty might appeal from a judgment by default before a justice. *State vs. Ives, Same vs. Goodrich, ante*, p. 445. So that if there had been no appearance at all before the justice, the company might have appealed from the judgment. But it is clear that it must be presumed the agent was lawfully authorized to appear for the company and take the appeal. The production of a written warrant of attorney for that purpose was not necessary.

The order dismissing the appeal is reversed, and the cause remanded for further proceedings according to law.